```
                      UNITED STATES DISTRICT COURT
                       MIDDLE DISTRICT OF FLORIDA
                          FORT MYERS DIVISION
```

DANIEL EDWARD BOLYARD,

          Petitioner,

vs.                             Case No. 2:10-cv-722-FtM-29SPC
                                   Case No. 2:07-cr-26-FtM-29SPC

UNITED STATES OF AMERICA,

          Respondent.

_____

## OPINION AND ORDER

This matter comes before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1)[1] and Verified Memorandum of Law (Cv. Doc. #2), both filed on December 2, 2010. The United States filed its Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Cv. Doc. #8) on June 3, 2011. For the reasons set forth below, the petitioner's motion is denied.

**I.**

On August 15, 2007, a federal grand jury in Fort Myers, Florida returned a one-count Superceding Indictment (Cr. Doc. #79) charging that Petitioner Daniel E. Bolyard (petitioner or Bolyard)

---

[1] The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

did knowingly possess and aid and abet the possession with the intent to distribute fifty (50) grams or more of a mixture of a substance containing a detectable amount of methamphetamine in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(viii) and Title 18, United States Code, Section 2. (Cr. Doc. #79.)  The statutory penalty was a mandatory minimum term of not less than five years and not more than forty years imprisonment, plus a term of supervised release of at least four years.  21 U.S.C. § 841(b)(1)(B).

On the same day the United States filed a Notice of Intent to Use Prior Convictions to Enhance the Penalties of Count One of the Superseding Indictment.  (Cr. Doc. #78.)  This Notice advised defendant that he had been convicted of felony drug offenses in three prior cases, specifically for possession of cocaine, and twice for possession of methamphetamine, and that upon conviction of the current offense his statutory sentence could be enhanced to a mandatory minimum term of not less than ten years and not more than life imprisonment, plus a term of supervised release of at least eight years.  21 U.S.C. § 841(b)(1)(B).

Petitioner waived his speedy trial right to an additional thirty days before trial on the Superceding Indictment (Cr. Doc. #81).  On August 17, 2007, after a two-day jury trial (Cr. Doc. #90), the jury returned a guilty verdict for 50 grams or more. (Cr. Doc. #89.)

On November 26, 2007, a sentencing hearing was held. (Cr. Doc. #112.) Petitioner admitted having been convicted of the three prior felony drug offenses (Cr. Doc. #132, p. 4), and was sentenced to ten (10) years imprisonment to be followed by eight (8) years of supervised release. (Cr. Doc. #114.) Because petitioner expressed dissatisfaction with his court appointed attorney at sentencing, the Court directed his attorney to file a notice of appeal, relieved him of further responsibility in the case, and directed the appointment of new counsel to handle the appeal. (Cr. Doc. #113.) On November 28, 2007, counsel filed a Notice of Appeal (Cr. Doc. #115) as directed.

In due course, new counsel filed a motion to withdraw and a brief pursuant to Anders v. California, 386 U.S. 738 (1967). On August 26, 2009, the Eleventh Circuit Court of Appeals granted the motion, found that an independent examination of the entire record revealed no arguable issues of merit, and affirmed the Petitioner's conviction and sentence. (Cr. Doc. #144; United States v. Bolyard, 332 F. App'x 605 (11th Cir. 2009)).

No petition for certiorari was filed thereafter, and petitioner's § 2255 motion was timely filed pursuant to the "mailbox rule". See Day v. Hall, 528 F.3d 1315, 1318 (11th Cir. 2008) (under the prison mailbox rule, a *pro se* prisoner's pleading is considered filed on the date it is delivered to prison authorities to be mailed, and absent evidence to the contrary, the

court presumes that a prisoner delivered his pleading to prison officials on the day it was signed).

**II.**

**A. General Principles**

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both (1) that his counsel's performance was deficient, and (2) a reasonable probability that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). "As to counsel's performance, 'the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices.'" Reed v. Sec'y, Fla. Dep't of Corr., 593 F.3d 1217, 1240 (11th Cir. 2010) (quoting Bobby v. Van Hook, 130 S. Ct. 13, 17 (2009)). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690). This judicial scrutiny is highly deferential, and the court adheres to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90. To be objectively unreasonable, the performance must be such that no competent counsel would have taken the action. Hall v. Thomas, 611 F.3d 1259, 1290 (11th Cir. 2010); Grayson v. Thompson, 257 F.3d 1194, 1216 (11th Cir. 2001). Additionally, an attorney is not

ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992).

To establish prejudice under Strickland, Petitioner must show more than that the error had "some conceivable effect on the outcome of the proceeding." Marquard v. Sec'y for the Dep't of Corr., 429 F.3d 1278, 1305 (11th Cir. 2005) (quotation marks omitted). "Rather, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (quotation marks omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694 (internal quotation marks and citations omitted).

**B. Specific Issues**

Read liberally, Petitioner's § 2255 Petition and Supporting Memorandum set forth the following claims of ineffective assistance of trial counsel: (1) counsel failed to review the pre-sentence report (PSR) with Petitioner and failed to object to the PSR prior to sentencing; (2) counsel failed to object to the length of imprisonment and supervised release imposed by the court; (3) counsel failed to object to the Court's alleged failure to consider Title 18 U.S.C. § 3553(a) factors during sentencing; (4) counsel failed to present appropriate mitigating evidence at sentencing;

and (5) counsel failed to file Notice of Appeal as requested by Petitioner. The record establishes that none of these claims have merit.

**(1) Failure to Review and Object to Pre-Sentence Report (PSR)**

Petitioner asserts that counsel failed to review the PSR with Petitioner and failed to object to the PSR prior to the sentencing hearing. (Cv. Doc. #1, p. 4; Cv. Doc. #2, p. 3.)[2] The record establishes there was no ineffective assistance of counsel.

The Addendum to the PSR establishes that defense counsel did raise two objections prior to sentencing. The record establishes that petitioner stated at the sentencing hearing that counsel had read the PSR and Addendum to him, (Cr. Doc. #132 at p. 3), and that he (petitioner) discussed the contents of the PSR and Addendum with counsel. (Id.) Additionally, counsel argued his objections to the contents of the PSR at the sentencing hearing. (Id. at pp. 5-6, 8.) Specifically, counsel objected to the weight of methamphetamine stated in the PSR (id. at p. 5), and to the inclusion of prior arrests of petitioner that resulted in *nolle prosequis* (id. at pp. 8-9). The record thus establishes both that counsel reviewed the PSR with petitioner prior to sentencing, and that counsel made objections to the contents of the PSR prior to and at the

---

[2]The page numbers refer to the page numbers generated when the document is docketed, and is found on the upper right hand corner of the document.

sentencing hearing.  Petitioner has failed to establish deficient performance by counsel.

Petitioner has also failed to establish prejudice.  At the sentencing hearing, petitioner admitted that he had been convicted of the three prior felony drug offenses, and therefore the enhanced statutory mandatory minimum sentence applied. Petitioner's initial Sentencing Guidelines calculation was 92 to 115 months imprisonment plus supervised release.  Because the statutory mandatory minimum sentence was greater than the otherwise applicable guidelines range, the statutory mandatory minimum of ten years imprisonment and eight years supervised release became the applicable guidelines range.  See U.S. Sentencing Guidelines Manual (U.S.S.G.) §§ 5G1.1(b), 5D1.2(b).  To establish prejudice, petitioner must point to authority for a departure below the statutory minimum.  There are few circumstances under which a district court may impose a sentence below the statutory mandatory minimum.  These include cases in which the government files a U.S.S.G. § 5K1.1 motion for substantial assistance, 18 U.S.C. § 3553(e), and where the safety valve provision is applicable, 18 U.S.C. § 3553(f).  "It is well-settled that a district court is not authorized to sentence a defendant below the statutory mandatory minimum unless the government filed a substantial assistance motion pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 or the defendant falls within the safety-valve of 18 U.S.C. § 3553(f)." United States v.

Castaing-Sosa, 530 F.3d 1358, 1360 (11th Cir. 2008). Neither of these situations was applicable to petitioner. Petitioner has failed to point out any ground which defense counsel could have asserted that would have allowed the sentencing judge to impose a sentence less than ten years imprisonment and eight years supervised release. Accordingly, Petitioner has not shown that counsel's performance was deficient or that it resulted in prejudice to him. As a result, Petitioner's first claim is rejected.

**(2) Failure to Object to the Length of Sentence**

Petitioner claims that counsel was ineffective in failing to object to the length of the imprisonment and the supervised release imposed by the Court. (Cv. Doc. #1, p. 5; Cv. Doc. #2, p. 3.) Petitioner argues that an extended term of supervised release is not statutorily required for drug offenses, but is merely permitted. (Cv. Doc. #2, p. 4.) Petitioner asserts that his attorney failed to file any objections to the PSR and failed to express any objection to the Probation Officer's recommendation as to the length of supervised release, thereby effectively conceding the correctness of a recommendation which was too lengthy and not warranted under the facts of the case (Cv. Doc. #2, pp. 5-7).

The statutorily enhanced penalty provision required the imposition of not less than ten (10) years imprisonment and not less than eight (8) years of supervised release. 21 U.S.C. §§

-8-

841(b)(1)(B), 841(b)(1)(B)(viii). The statute makes these minimum lengths of imprisonment and supervised release mandatory, not merely permissible. In this case, the Court imposed the minimum mandatory statutory sentence and term of supervised release. (Cr. Doc. #114.) Petitioner has failed to point out any ground which was available to his attorney for an objection to the length of the sentence. Petitioner has shown neither deficient performance nor prejudice resulting from counsel's failure to object to the length of the sentence. Petitioner's second claim is rejected.

**(3) Failure to Object to Failure to Consider § 3553(a) Factors**

Petitioner asserts that counsel was ineffective in failing to object to the Court's failure to consider each of the Title 18, U.S.C. § 3553(a) factors in determining the sentence. (Cv. Doc. #1, p. 5; Cv. Doc. #2, pp. 8-9.) The record affirmatively refutes this claim.

During the sentencing hearing, the Court stated that all of the statutory factors were considered, even though they may not have been discussed individually. (Cr. Doc. #132, p. 19.) While petitioner asserts that the Court did not actually do so, (Cv. Doc. #2, pp 10-11), the record establishes they were considered. The Court imposed only the minimum mandatory sentence, both in terms of imprisonment and supervised release. Consideration of the § 3553(a) factors cannot override the statutory mandatory minimum sentence.

There was no basis for defense counsel to object, and no prejudice resulting to petitioner. Petitioner's third claim is rejected.

### (4) Failure to Present Appropriate Mitigating Evidence

Petitioner asserts that counsel was ineffective in failing to present witnesses and appropriate mitigating evidence at the sentencing hearing. Petitioner asserts that he had requested his attorney subpoena key witnesses for the sentencing hearing who would have undermined the government's entire case. This evidence would have undermined the credibility of the government's trial witnesses (Cv. Doc. #1, p. 7; Cv. Doc. #2, pp. 3, 11-13). Assuming that petitioner had requested the evidence be subpoenaed and that the evidence would be as petitioner represents, the claim is without merit.

Prior to the sentencing hearing, counsel filed a Sentencing Memorandum (Cr. Doc. #111) which outlined the 3553(a) factors relevant to the case, and requested that the Court impose the minimum mandatory sentence. (Id.) At the sentencing hearing, defense counsel directed the Court's attention to the Sentencing Memorandum and further developed his argument for the imposition of the minimum mandatory sentence. (Cr. Doc. #132, pp. 11-12, 18.) The Court was persuaded by counsel's argument, and agreed that the mandatory minimum was sufficient. (Id. at p. 19.) Because petitioner was sentenced to the minimum mandatory sentence, no amount of additional mitigating evidence could have resulted in any

lower sentence.  The sentencing hearing is not an opportunity for a defendant to challenge his conviction or the credibility of the government's witnesses at trial, and such evidence could have no impact on the mandatory minimum sentence required by statute. Petitioner has shown neither deficient performance nor prejudice. Accordingly, Petitioner's fourth claim is rejected.

### (5)  Failure to File Notice of Appeal

Petitioner asserts that counsel failed to honor Petitioner's express instruction to file a Notice of Appeal after sentencing (Cv. Doc. #2 at p. 3).  The record refutes this claim.

At the sentencing hearing, petitioner expressed his desire for an appeal. (Cr. Doc. #132, p. 24.) In response, the Court directed counsel to file a Notice of Appeal on behalf of Petitioner. (Id.) On November 28, 2007, two days after Petitioner's sentencing, counsel filed a Notice of Appeal. (Cr. Doc. #115.) The appeal was then pursued by newly appointed counsel. Accordingly, Petitioner's fifth claim is rejected.

Accordingly, it is now

**ORDERED**:

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1) is **DENIED** as to all claims for the reasons set forth above.

2.  The Clerk of the Court shall enter judgment accordingly and close the civil file.  The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.**  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180 (2009).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations and internal quotation marks omitted).  Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Fort Myers, Florida, this   8th   day of February, 2013.

*[signature: John E. Steele]*

JOHN E. STEELE
United States District Judge

-12-

Copies:
Petitioner
AUSA